UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN HUGHES, *et al.*, | Case No. 1:25-cv-00712-JLT-CDB |
| Plaintiffs, | ORDER VACATING MARCH 2, 2026, MID-DISCOVERY STATUS CONFERENCE |
| v. | (Docs. 11, 14) |
| COUNTY OF KERN, *et al.*, | |
| Defendants. | |

Plaintiffs Lynn Hughes, individually and as a successor in interest to Cole Hughes, and Emily Hughes (collectively, "Plaintiffs"), initiated this action with the filing of a complaint on April 21, 2025, in the Kern County Superior Court, case number BCV-25-101456. (Doc. 1). Defendants County of Kern, Kern County Sheriff's Office ("KCSO"), and Nicholas Rocha (collectively, "Defendants") removed the case to this Court on June 11, 2025. *Id.* On September 8, 2025, the Court entered the operative scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines, including, relevant here, the non-expert discovery deadline on April 6, 2026. *See* (Doc. 11).

Pending before the Court is the parties' joint mid-discovery status report, filed on February 23, 2026. (Doc. 14). In their report, the parties represent that Plaintiffs served Rule 26 disclosures on October 9, 2025, and requested copies of the relevant incident report and associated documents including photos and videos beginning in April 2024. The parties further represent that

Defendants' "ongoing response even as recent as November[] 2025, has been that the documents are part of an ongoing investigation and the documents could not be produced." *Id*. at 2. It appears that Defendants' delay in producing the incident report and associated documents has inhibited Plaintiffs from proceeding with Defendants' depositions. *See id*. ("Plaintiffs intend to depose Deputies and others involved after review of the incident report."). In light of these circumstances, the parties represent that an extension of discovery deadlines "may be necessary due to the ongoing investigation." *Id*.

### Governing Legal Standard

Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevant here, if a party responding to a Rule 34 request for production of documents fails to comply with the request, the propounding party may seek relief from court through a motion to compel pursuant to Rule 37. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv). "[T]he party moving to compel bears the burden of demonstrating why the [responding party's] objections are not justified." *Harris v. Quillen*, No. 1:17-cv-01370-DAD-SAB (PC), 2020 WL 4251069, at *1 (E.D. Cal. June 5, 2020) (citing cases). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objection." *Jadwin v. Cnty. Of Kern*, No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, *1 (E.D. Cal. May 9, 2008) (quotation and citations omitted).

Also relevant here, federal common law recognizes a qualified privilege for official information, referred to alternatively as the "official information privilege" or the "law enforcement privilege." *See Duenez v. City of Manteca*, No. 2:11-cv-1820 LKK AC, 2013 WL 684654, at *4-5 & n.1 (E.D. Cal. Feb. 22, 2013) (citing *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal*., 511 F.2d 192, 197 (9th Cir.1975)); accord *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990)). To properly invoke the official information privilege, the claiming official "must

have seen and considered the contents of the documents and himself have formed the view that on grounds of public interest they ought not to be produced and state with specificity the rationale of the claimed privilege." *Id*. at *5 (quoting *Kerr*, 511 F.2d at 198) (internal quotations omitted). The party invoking the privilege must at the outset make a "substantial threshold showing" by way of a declaration of affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit. *Id*. (quoting *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995)).

A party who receives a discovery request "must, within the time permitted by rule to respond or object, serve and file an objection that invokes the official information privilege by name" and "sufficiently identify the documents so as to afford the requesting party an opportunity to challenge the assertion of privilege." *Miller v. Pancucci*, 141 F.R.D. 292, 300 (C.D Cal. 1992) (citations omitted). Additionally, "the party must submit, at the time it files and serves its response to the discovery request, a declaration or affidavit, under oath or subject to the penalty of perjury, from the head of the department which has control over the matter." *Id*. (citing *Kerr*, 511 F.2d at 198). This affidavit or declaration must contain specific, detailed information to permit the receiving party and the court to assess the propriety of privilege assertion. *See id.*

**Discussion**

First, the operative scheduling order directs the parties to "promptly seek" an informal conference with the Court if they are unable to resolve a discovery dispute through meet and confer efforts. (Doc. 11 at 4). Notwithstanding Plaintiffs' request many months ago for Defendants to produce what appears to be key materials relating to their claims, and notwithstanding Defendants' reported refusal to produce said documents, Plaintiffs have not sought relief from the Court. Although in the parties' joint mid-discovery status report Plaintiffs mention in passing that they may at an unidentified time request extensions of discovery deadlines, it is unclear how, under the circumstances, they could meet Rule 16(b)'s good cause standard to be entitled to any such extensions when they seemingly have accepted Defendants' refusal to comply with their discovery requests throughout almost the entirety of the period for taking non-expert discovery. *See Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609-10 (9th Cir. 1992).

3

Second, based on the information provided in the parties' joint mid-discovery status report, Defendants appear to take the position that they may unilaterally withhold from production documents merely because they relate to an ongoing criminal investigation. However, even had Defendants attempted to satisfy the stringent procedural requirements for properly invoking the law enforcement privilege summarized above, they additionally would be obligated to demonstrate that the balance of competing interests—which is "moderately pre-weighted in favor of disclosure"—warrants withholding. *Duenez*, 2013 WL 684654, at \*5-6 (quoting *Soto*, 162 F.R.D. at 613).

**Conclusion and Order**

In short, although the Court's impressions admittedly are informed solely by the generalized summary information provided by the parties to the Court in their joint mid-discovery status report, it appears the parties have failed to diligently pursue nonexpert discovery during the time period granted—which, as the Court admonished the parties upon the scheduling of the case, is tethered to deadlines "considered to be firm." (Doc. 11 at 9).

Accordingly, the Mid-Discovery Status Conference set for March 2, 2026, is VACATED. The parties are reminded of their obligation to diligently pursue and timely complete discovery within the scheduled case management dates.

IT IS SO ORDERED.

Dated:   **February 24, 2026**

UNITED STATES MAGISTRATE JUDGE

4