UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN HUGHES, *et al.*,<br><br>             Plaintiffs,<br><br>      v.<br><br>COUNTY OF KERN, *et al.*,<br><br>             Defendants. | Case No. 1:25-cv-00712-JLT-CDB<br><br>ORDER GRANTING PARTIES' STIPULATED REQUEST TO AMEND THE SCHEDULING ORDER TO CONTINUE DISCOVERY DEADLINES<br><br>(Doc. 16) |

**Relevant Background**

Plaintiffs Lynn Hughes, individually and as a successor in interest to Cole Hughes, and Emily Hughes (collectively, "Plaintiffs"), initiated this action with the filing of a complaint on April 21, 2025, in the Kern County Superior Court, case number BCV-25-101456. (Doc. 1). Defendants County of Kern, Kern County Sheriff's Office ("KCSO"), and Nicholas Rocha (collectively, "Defendants") removed the case to this Court on June 11, 2025. *Id.* On September 8, 2025, the Court entered the operative scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines. *See* (Doc. 11).

On February 24, 2026, the Court entered an order vacating the mid-discovery status conference. (Doc. 15). In the order, the Court noted from the generalized summary information of the parties' joint mid-discovery status report that it appears they have failed to diligently pursue nonexpert discovery during the time period granted—which, as the Court admonished the parties

upon the scheduling of the case, is tethered to deadlines "considered to be firm." *Id.* at 4 (citing Doc. 11 at 9). The Court reminded the parties of their obligation to diligently pursue and timely complete discovery within the scheduled case management dates. *Id.*

**Stipulated Request to Amend Scheduling Order**

Pending before the Court is the parties' stipulated request to amend the scheduling order to continue discovery deadlines, filed on March 26, 2026. (Doc. 16). The parties represent they have acted diligently in pursuing discovery and that their requested extension will not affect the dispositive motion deadlines or trial dates but will allow adequate time for the parties to complete discovery. *Id.* at 2. The parties request the Court extend discovery deadlines for non-expert discovery, expert and rebuttal expert disclosures, and expert discovery. *Id.* Counsel for Defendant declares that after granting Plaintiffs three extensions of time to serve responses to Defendants' first set of written discovery requests, Plaintiffs served their responses (on February 17, 2026). *Id.* at 3 ¶¶ 3-5. He declares that Defendants anticipate serving its responses to Plaintiffs' first set of requests for production and interrogatories by the April 3, 2026, deadline, which will include approximately 92 gigabytes of body worn camera footage and investigatory records. *Id.* at 4 ¶ 8. Counsel for Defendant also declares that on March 26, 2026, the parties tentatively scheduled the depositions of Deputy Rocha on March 31, 2026, and both Plaintiffs on April 6, 2026, but that Deputy Rocha will be one, if not the only, Sheriff's deputy available in his unit on March 31, 2026, leaving his unit severely understaffed if his deposition proceeds on that date, and that conducting both Plaintiffs' depositions in the same day will restrict the time in which Defendants have to obtain relevant testimony. *Id.* at 4 ¶ 12. Counsel for Defendants represents that the parties will be able to complete Plaintiffs' depositions by April 7 and 9, 2026. *Id.* ¶ 13.

For his part, counsel for Plaintiffs declares that, although they have sought discovery materials through requests propounded pursuant to the California Public Records Act, his office has still not received a copy of the incident report, photographs, body cam footage, and/or 911 call recordings concerning the incident or arrest report regarding the incident. *Id.* at 8 ¶ 3. Counsel for Plaintiffs has requested dates to set the deposition of Deputy Rocha, and that once the incident report and related documents have been received, he anticipates that other depositions will need to

2

be set.  *Id.* ¶¶ 4, 5.

**Discussion**

It is unclear from the parties' stipulation and counsels' declarations why counsel for Plaintiffs seemingly has failed to comply with the scheduling order's directions to undertake discovery pursuant to Fed. R. Civ. P. 26 *et seq.*  The case was scheduled on September 8, 2025, and the case management dates provided for, among other things, a seven-month period for the taking of non-expert discovery.  Yet, relying only on the declaration of counsel for Plaintiffs, it does not appear Plaintiffs have undertaken any written discovery following the scheduling of the case and have relied exclusively on pre-existing discovery requests made prior to the removal of the action pursuant to state law and applicable rules of procedure.

For good cause shown, the parties' stipulated request to amend the scheduling order for a limited extension of discovery dates and deadlines will be granted.  However, in light of the extensions of time granted herein, and because it appears the requested extensions are necessitated largely by Plaintiffs' failure to diligently respond to and propound discovery, the Court admonishes the parties that it is unlikely to grant further extensions of time absent extraordinary circumstances.

**Conclusion and Order**

In light of the parties' representations and good cause appearing, IT IS HEREBY ORDERED that the scheduling order (Doc. 11) is amended as set forth below:

| Event | Current Deadline | Amended Deadline |
|---|---|---|
| Non-Expert Discovery | April 6, 2026 | April 20, 2026 |
| Expert Disclosure | April 13, 2026 | April 27, 2026 |
| Rebuttal Disclosures | May 11, 2026 | May 25, 2026 |
| Expert Discovery | June 10, 2026 | June 24, 2026 |

///

///

///

///

///

3

All other provisions of the operative scheduling order (Doc. 11) not in conflict with the modifications granted herein continue to govern and remain in effect.

IT IS SO ORDERED.

Dated:   **March 27, 2026**

_____
UNITED STATES MAGISTRATE JUDGE